Matter of Attorneys in Violation of Judiciary Law § 468-a (Villamor) (2021 NY Slip Op 05917)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

Matter of Attorneys in Violation of Judiciary Law  468-a (Villamor)

2021 NY Slip Op 05917

Decided on October 28, 2021

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 28, 2021

PM-145-21
[*1]In the Matter of Attorneys in Violation of Judiciary Law § 468-a. Attorney Grievance Committee for the Third Judicial Department, Petitioner; Mary Ann Lazo Villamor, Respondent. (Attorney Registration No. 4842613.)

Calendar Date:September 27, 2021
Before:Garry, P.J., Lynch, Aarons, Pritzker and Reynolds Fitzgerald, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany, for Attorney Grievance Committee for the Third Judicial Department.
Mary Ann Lazo Villamor, Chatham, New Jersey, respondent pro se.

Per Curiam.
Respondent was admitted to practice by this Court in 2010 and presently lists a business address in New Jersey with the Office of Court Administration. Respondent was suspended from the practice of law by May 2019 order of this Court for conduct prejudicial to the administration of justice arising from her noncompliance with the attorney registration requirements of Judiciary Law § 468-a and Rules of the Chief Administrator of the Courts (22 NYCRR) § 118.1 beginning in 2014 (Matter of Attorneys in Violation of Judiciary Law § 468, 172 AD3d 1706, 1758 [2019]; see Judiciary Law § 468-a [5]; Rules of Professional Conduct [22 NYCRR 1200.0] rule 8.4 [d]). Having cured her registration delinquency in December 2020, respondent now applies for her reinstatement pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.16. The Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) opposes respondent's application based upon certain identified deficiencies in respondent's submission.[FN1]
We initially note that respondent has satisfied the procedural requirements for an attorney seeking reinstatement to the practice of law from a suspension of more than six months (see Matter of Attorneys in Violation of Judiciary Law § 468—a [Nenninger], 180 AD3d 1317, 1318 [2020]) by, among other things, submitting a sworn affidavit in the proper form set forth in appendix C to Rules for Attorney Disciplinary Matters (22 NYCRR) part 1240 (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]). Further, she has submitted sufficient threshold documentation in support of her application, including proof that she successfully completed the Multistate Professional Responsibility Examination within one year of her application (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]; compare Matter of Attorneys in Violation of Judiciary Law § 468—a [Castle], 161 AD3d 1443, 1444 [2018]). Although AGC correctly notes that respondent failed to file a timely affidavit of compliance (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15 [f]), she satisfactorily explains that she did not engage in the practice of law in this state during the period of her suspension, as confirmed by the contents of her application as a whole.
Finally, we determine that respondent has satisfied the three-part test applicable to all attorneys seeking reinstatement from suspension or disbarment (see Matter of Attorneys in Violation of Judiciary Law § 468—a [Gibson], 186 AD3d 961, 962 [2020]; Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]), inasmuch as her application sufficiently demonstrates respondent's compliance with the order of suspension and the Rules of this Court, that she clearly and convincingly possesses the requisite character and fitness for the practice of law and that it would be in the public's interest to reinstate her to the practice of law in New York (see Matter of Attorneys in Violation [*2]of Judiciary Law § 468—a [Hermanson], 188 AD3d 1555, 1556 [2020]; Matter of Attorneys in Violation of Judiciary Law § 468—a [Wilson], 186 AD3d 1874, 1875 [2020]). Accordingly, we grant respondent's motion.
Garry, P.J., Lynch, Aarons, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that respondent's motion is granted; and it is further
ORDERED that respondent is reinstated as an attorney and counselor-at-law in the State of New York, effective immediately.
Footnotes

Footnote 1: Finding no open claims, the Lawyers' Fund for Client Protection has advised that it defers to this Court's discretion regarding respondent's application.